**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MELISSA-SUE: MIDDLETON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:16-CV-3441-N (BH) |
| ) | |
| **STATE OF TEXAS,** ) | |
| ) | |
| **Defendant.** ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se habeas case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On December 16, 2016, the plaintiff filed this action expressly invoking 28 U.S.C. § 2254. (*See* doc. 3.) By *Notice of Deficiency and Order* dated December 20, 2016, she was notified that to the extent she was in custody and intended to file a federal petition for writ of habeas corpus under § 2254, she had not filed her habeas petition on the appropriate form and paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order also notified her that to the extent she was in not custody and intended to raise claims that did not challenge her custody, her civil complaint did not comply with Fed. R. Civ. P. 8 and she had not paid the filing fee for a civil action or submitted an IFP application. *See id.* Attached to the order were copies of the appropriate forms for a § 2254 habeas petition and a civil action, a copy of Rule 8, and IFP applications. *See id.* The order specifically advised the plaintiff that within fourteen days, she must file her § 2254 petition on the appropriate form or amended civil complaint and either pay the filing fee or file her IFP application, and that a failure to do so could result in the dismissal

of her case. *Id.* More than fourteen days from the date of the order have passed, but the plaintiff has not filed her habeas petition on the appropriate form or an amended civil complaint, paid the filing fee, filed an IFP application, or filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the December 20, 2016 order that she file her § 2254 petition on the appropriate form or an amended civil complaint and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her § 2254 habeas petition on the appropriate form or an amended civil complaint, and either pays the filing fee or submits her completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 13th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE